IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHANNON BAKER,**

    **Plaintiff**

v.

Case No.
Hon.
Magistrate Judge:

**CACH, LLC, and WILLIAM C. GROSSMAN, PLLC dba WILLIAM C GROSSMAN LAW**

    **Defendant.**

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SHANNON BAKER (Hereinafter termed "Plaintiff" or "Baker") by way of this Complaint against Defendant CACH, LLC, ("CACH" or "Defendant") and WILLIAM C. GROSSMAN, PLLC dba WILLIAM C. GROSSMAN LAW ("Defendant Grossman" or "Grossman") and states:

### I. PRELIMINARY STATEMENT

1. The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Collection Practices Act (RPCA), codified at MCL 445.251 et seq.,

2. Plaintiff is being pursued by Defendants for a debt he does not owe and the Defendant are also executing on a Judgment that does not exist in violation of § 1692e, § 1692e (10), § 1692e (5), § 1692e(2)(A) and § 1692f.

3. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendants are debt collectors seeking payment on debts that were in default when obtained for collection. *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 535, 536 (7th Cir. 2003) (noting that "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, *and as creditors if it was not.").* Defendants are debt collectors.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

6. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

## II. PARTIES

7. Plaintiff is a natural person and consumer.

8. At all times relevant to this complaint, Plaintiff resided in the City of Wyoming, County of Kent, State of Michigan.

9. At all times relevant to this complaint, Defendants are debt collectors engaged in the business of using the mails and telephone to collect consumer debts originally owed to others under the FDCPA.

10. At all times relevant to this lawsuit, Defendant CACH maintains its principal Resident Agent address in Detroit, County of Wayne and Defendant GROSSMAN's Resident Agent is located in Bingham Farms, County of Oakland, State of Michigan.

## III. JURISDICTION & VENUE

11. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

12. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant are subject to personal jurisdiction in the State of Michigan at

the time this action is commenced.

14. Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

15. Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

16. The *Fetters* court held that where a plaintiff alleges that a defendant continued to act in such a manner, even after a debt had been legally extinguished and the consumer had no further financial obligation to the defendant, the FDCPA applies. Id. ("Such a situation logically would be covered by the FDCPA's broad remedial purpose of protecting consumers from being harassed-even after payment is made."). *Hector Diaz Jr. v G.Reynold Sims & Associates, P.C.* Case Number 10-13419, Page 11, Eastern District Court of Michigan, January 13, 2011.

## REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)

17. The Michigan Regulation of Collection Practices Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

18. "Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

19. "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

20. "Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

21. "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

22. "Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

23. "Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant CACH is a regulated person under § 445.251(g)(xi).

24. Defendants are regulated agencies under the RCPA. See *Misleh v Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.*, LLC, 886 F. Supp. 2d 591 - Dist. Court, ED Michigan 2012.

## IV. FACTS CONCERNING PLAINTIFF

25. Defendant obtained a Default in the amount of $5,894.13 on Plaintiff on June 29, 2015 on a debt CACH had purchased from Fifth Third Bank. Defendant Grossman was the law firm collecting on the debt from Plaintiff for Defendant CACH. **Please see Exhibit 1**.

26. Plaintiff did not owe the debt but his name and information had previously been used to obtain the debt as a result of Identity Theft. On January 8, 2016 Plaintiff filed a police report with the Wyoming Police Department based on his identity being stolen and debts being placed in his name. **Exhibit 1**.

27. Defendant CACH and Grossman were provided with this police report and information showing that Mr. Baker did not owe the debt of $5,894.13 and agreed to stipulate to set aside the judgment. **Exhibit 1**.

28. The Order to Set Aside the Judgment was signed on February 1, 2016. Defendants then went ahead and obtained a Garnishment on the debt on February 22, 2016. **Please see Exhibit 2**.

29. On May 2, 2016, Plaintiff received notice from the State of Michigan that Defendants had obtained a garnishment against his tax refund of $613.00.

30. As debt collectors, CACH and GROSSMAN obtained the garnishment and Mr. Baker's tax refund on a judgment that did not exist and in violation of the FDCPA and RCPA.

31. 15 U.S.C. § 1692e provides that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(2)** The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. Mr. Baker suffer statutory and actual damages under the FDCPA and RCPA as a result of Defendants actions that continued the stress and emotional distress suffered both with the Identity Theft and Defendants' failed promised to cease and desist its collection actions on the judgment that was wrongfully obtained.

## V. FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

34. Defendants violated the FDCPA. Defendants' violations with respect to their garnishment

of a false claim through a wrongful judgment, but are not limited to, the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

b. Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A); and

c. Making false, deceptive, and misleading representations concerning the right to enforce a judgment that did not exist in violation of 15 U.S.C. §1692e(2)(B); and

d. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

e. Unlawful garnishment of a debt that Defendants are not entitled to execute upon in violation of 15 U.S.C. § 1692e(4); and

f. Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3) with a judicial review; and;

c. Such further relief as the court deems just and proper.

## VI. SECOND CAUSE OF ACTION

### Count 2-Regulation of Collection Practices Act

35. Defendants have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

   a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above;

   b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

   (i) The legal status of a legal action being taken or threatened.

   (ii) The legal rights of the creditor of debtor using **Exhibit 2** as mentioned above.

   (iii) Garnishing a wrongful judgment as stated above.

   c. Defendants has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee garnishing wages on a false debt.

   d. Defendants has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner when they knew he did not owe the debt.

   e. Defendants has violated MCLA 445.252(a) by using a harassing, oppressive or abusive method to collect a debt by executing on a wrongful garnishment and judgment and taking Mr. Baker's tax refund.

   **Wherefore**, Plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted

June 6, 2016

*s/ Brian P. Parker*
Brian P. Parker, Esq. (P48617)
*Attorneys for Plaintiff Shannon Baker.*

# EXHIBIT #1

STATE OF MICHIGAN
IN THE 61ST DISTRICT COURT FOR THE COUNTY OF KENT

In the matter of:

CACH, LLC,

      Plaintiff,

v.

SHANNON BAKER,

      Defendant(s).

Hon. Jeanine N. LaVille
Case No. 2015GC0725

_____/

## STIPULATED MOTION TO SET ASIDE DEFAULT JUDGMENT

NOW COMES the Plaintiff, Cach, LLC, by and through counsel, and the Defendant, Shannon Baker, by and through counsel, and hereby respectfully stipulate to set aside the Default Judgment of this Court entered on June 29, 2015, stating as follows:

1. The above-referenced default in the amount of $5,894.13 was entered against the Defendant on June 29, 2015; such related to a debt originally due and owing by the Defendant to Fifth Third Bank, which was subsequently purchased for collection by the Plaintiff.

2. On January 8, 2016, the Defendant filed a report with the Wyoming Police Department setting forth that the debt at issue was in fact the result of fraud by way of identify theft having been committed in his name. His failure to raise this as a defense previously was the result of mere ignorance on his part of the legal system (*see Exhibit A*).

3. It is established that a trial court may not order a default set aside unless the defaulted party demonstrates good cause and presents an affidavit of facts showing a meritorious defense. MCR 2.603(D)(1).

4. "In determining whether a defendant has a meritorious defense, the trial court should consider whether...the plaintiff cannot prove or the defendant can disprove an element of the claim." *Shawl v. Spence Bros, Inc.* 280 Mich App 213, 238 (2008).

5. The Defendant is not in possession of any alleged contract or other documentation upon which the Plaintiff has based their alleged claim(s), as again he was not the one who opened the account at issue in his name.

6. Pursuant to MCR 2.603(D)(1), for the foregoing reasons, the Defendant contends there is demonstrable good cause for setting aside the default judgment since the originating complaint of the Plaintiff was wholly premised upon the failure to pay upon an account which had been taken out in the name of the Defendant by an unknown third party, who was indeed defrauded by way of identity theft.

WHEREFORE, the parties respectfully request that this Honorable Court set aside the Default Judgment entered against the Defendant on June 29, 2015 for the foregoing reasons. Thereafter, the Defendant shall be required to submit an answer and affirmative defenses to the originating complaint filed by the Plaintiff within twenty one (21) days of entry of the attached Order.

RESPECTFULLY SUBMITTED,

Date: January 19, 2016    /s/ _____
Deborah Ann Winslow (P63179)
Attorney for Plaintiff
P.O. Box 520
Hamburg, MI 48139
(248) 613-0807
dwinslow2010@gmail.com

Date: January 19, 2016    /s/ _____
Nicholas A. Reyna (P68328)
Attorney for Defendant
528 Bridge St., Ste. 1A
Grand Rapids, MI 49504
(616) 235-4444
Nickreyna7@hotmail.com

## STATE OF MICHIGAN
## IN THE 61ST DISTRICT COURT FOR THE COUNTY OF KENT

In the matter of:

CACH, LLC,

    Plaintiff,

v.

SHANNON BAKER,

    Defendant(s).

Hon. Jeanine N. LaVille
Case No. 2015GC0725

_____/

### ORDER

At a session of Said Court held in
Grand Rapids, Michigan on

The ___ of _____, 2016

PRESENT HON. Jeanine N. LaVille

The Plaintiff, Cach, LLC, by and through counsel, and the Defendant, Shannon Baker, by and through counsel, having stipulated and agreed that good cause has been shown to set aside the default judgment previously entered against the Plaintiff due to the fact that the originating complaint was premised upon the Defendant's purported failure to pay upon an account which was opened fraudulently in the name of the Defendant by way of identity theft-

IT IS THEREFORE ORDERED that the parties' stipulated motion to set aside the default judgment is hereby granted.

IT IS FURTHER ORDERED that upon entry of this Order, the Defendant shall have twenty one (21) days to submit an answer and affirmative defenses to the originating complaint filed by the Plaintiff in this matter.

END OF ORDER

# EXHIBIT #2

Michigan Department of Treasury
2075 (Rev. 04-15)

# Notice of Income Tax Refund Used for Debts

May 02, 2016

BAKER SHANNON L
3043 WEST AVE
WYOMING MI 49519

Refund amount: $613.00
Less amount applied to debt(s): $613.00
Refund to be issued to taxpayers: $.00
Refund is for tax year: 2015

The Michigan Department of Treasury is holding your income tax refund for the tax year listed above based on the debt(s) owed to the agency(s) below. This may delay your refund for up to 2 months.

If part of the refund is being applied to a garnishment, we are required to hold that portion of the refund for at least 28 days from the date on the garnishment disclosure. The remaining portion of your refund not subject to a garnishment will be issued to you within seven business days. If a garnishment release, satisfaction of judgment, or bankruptcy notice (either of which must be court validated) is received in our office within the 28 days, we will issue a full refund to you (or to your trustee) for the portion of the refund held for the debt(s), provided there are no other debts to be paid.

If part of the refund is applied to child support, probate, MI Health Account, Michigan Department of Health and Human Services, Unemployment Insurance Agency debts, or an IRS levy, allow at least *seven business days* from the date on this letter to receive any part of the refund owed to you.

For more information on the refund offset process, call 517-636-4486 and follow the menu options. If you have questions about how the refund was applied, please write to the Michigan Department of Treasury, Third Party Withholding Unit, PO Box 30785, Lansing MI 48909 or call 517-636-5333 between 8 a.m. and 5 p.m.

Contact the agency, plaintiff or plaintiff attorney indicated below for specific questions about the debt, or if the debt has been paid.

| Agency/Court | Debt Detail | Plaintiff/Attorney |
|---|---|---|
| 61ST DISTRICT COURT<br>180 OTTAWA AVE NW<br>SUITE 1400<br>GRAND RAPIDS MI 49503<br>616-632-5700 | Garnishment<br>2015GC0725<br>$5,913.35 | CACH LLC<br>WILLIAM C GROSSMAN LAW<br>5965 TRANSIT RD STE 500<br>EAST AMHERST NY 14051<br>888-201-6643 |

**THERE MAY BE MORE INFORMATION ON BACK**

Michigan Department of Treasury, ECF
M-1006 (Rev. 9/96)

# GARNISHMENT DISCLOSURE

| Name of Court | Court for City/County of: | Case Number |
|---|---|---|
| 61ST DISTRICT COURT | GRAND RAPIDS | 2015GC0725 |

| Plaintiff/Trustee | the Michigan Department of Treasury, garnishee defendant, and |
|---|---|
| CACH LLC | vs Name of Principal Defendant |
| Plaintiff's Attorney | |
| WILLIAM C GROSSMAN LAW | BAKER SHANNON L |

BAKER SHANNON L
3043 WEST AVE
WYOMING MI 49519

**Supplementary Disclosure**

According to our records, at the time the writ of garnishment was served, the State of Michigan was indebted to the principal defendant from an over payment of taxes, credits or lottery winnings.

| Department of Treasury Authorized Representative | Disclosure date |
|---|---|
| EMILY CAVANAUGH | 05/02/2016 |

## PAYMENT INFORMATION

| Date Received | |
|---|---|
| 02/22/2016 | |

Social Sec ... or FE Number

Amount of Garnishment (may include court costs and interest)
5913.35

Garnishment Fee
6.00

1. Total garnishment amount including court costs ................ 1. 5913.35
2. Amount payable to  ATTORNEY ................ 2. 613.00

The payment will be sent to the payee indicated above in 28 days from the date on this disclosure. If a garnishment release, satisfaction of judgment, or bankruptcy notice (validated by the court) is received in our office within the 28 days, we will issue a refund to the principal defendant or bankruptcy trustee if there are no other debts to be paid.

02                                    TAXPAYER